UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NEW YORK STATE ELECTRIC & GAS
CORPORATION,

                  Plaintiff,

vs.

FIRSTENERGY CORPORATION,

                  Defendant.

FIRSTENERGY CORPORATION,

                  Third-Party Plaintiff,

vs.

I.D. BOOTH, INC.; ITHACA CITY SCHOOL DISTRICT;
CITY OF ITHACA, NEW YORK; and CITY OF
ONEONTA, NEW YORK,

                  Third-Party Defendants.

Civil Action No. 3:03-CV-0438

## ITHACA CITY SCHOOL DISTRICT'S
## ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant Ithaca City School District ("ICSD"), for its answer to the

Third-Party Complaint of FirstEnergy Corp., states as follows:

### Introduction

1.      With respect to paragraph 1, ADMITS that FirstEnergy has commenced

the third-party action in reliance upon the statutes referenced in the paragraph, but DENIES any

liability of Third-Party Defendant ICSD, and DENIES KNOWLEDGE OR INFORMATION

sufficient to form a belief as to the liability of the remaining third-party defendants.

2.      With respect to paragraph 2, ADMITS that FirstEnergy has commenced the third-party action in reliance upon the statute referenced in the paragraph and seeks the relief described in the paragraph, but DENIES any liability of Third-Party Defendant ICSD, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the liability of the remaining third-party defendants.

3.      With respect to paragraph 2, ADMITS that FirstEnergy has commenced the third-party action in reliance upon the statute referenced in the paragraph and seeks the relief described in the paragraph, but DENIES any liability of Third-Party Defendant ICSD, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the liability of the remaining third-party defendants.

## Jurisdiction and Venue

4.      ADMITS the allegations contained in paragraph 4.

5.      ADMITS that one or more properties that are the subject of this action are situated in this judicial district,  DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 5, and states that the paragraph otherwise contains conclusions of law as to which no response is required.

## Parties

6.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

1639682.1 11/30/2009

8.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.      With respect to paragraph 9, ADMITS that Third-Party Defendant ICSD is the current owner of real estate located at the corner of North Plain and Court Streets, Ithaca, New York, in Tompkins County, and otherwise, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in the paragraph.

10.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

**Factual Background**

12.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

**Cortland/Homer Site**

14.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

1639682.1 11/30/2009

**Elmira Madison Avenue Site**

16.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

**Ithaca Court Street Site**

18.    With respect to paragraph 18, ADMITS that in or around 1964, ICSD acquired real estate located at the corner of North Plain and Court Streets in Ithaca, New York from Plaintiff New York State Electric & Gas ("NYSEG"), and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in the paragraph.

19.    ADMITS that ICSD still owns the real estate at North Plain and Court Streets in Ithaca that it acquired from NYSEG, and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in the paragraph.

**Ithaca First Street Site**

20.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

**Oneonta Site**

22.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

**Each Relevant Site**

24.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

**COUNT I**

**CLAIM FOR CONTRIBUTION UNDER CERCLA § 113(f)**

26.     Third-Party Defendant ICSD repeats each of the foregoing responses as if set forth at length.

27.     With respect to paragraph 27, states that the paragraph contains only conclusions of law as to which no response is required.

28.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     With respect to paragraph 29, ADMITS that Third-Party Defendant ICSD is a person within the meaning of § 101(21) of CERCLA, 42 U.S.C. § 9601(21), and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in the paragraph.

1639682.1 11/30/2009

30.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.      With respect to paragraph 35, refers to the referenced statute for a complete and accurate statement of its terms, and states that the paragraph contains a conclusion of law as to which no response is required.

36.      DENIES that Third-Party Defendant ICSD is liable to FirstEnergy, and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in the paragraph.

## COUNT II

## CLAIM FOR DECLARATORY JUDGMENT

37.      Third-Party Defendant ICSD repeats each of the foregoing responses as if set forth at length.

38.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

1639682.1 11/30/2009

39.     With respect to paragraph 39, DENIES that Third-Party Defendant ICSD has any liability, and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in the paragraph.

40.     With respect to paragraph 40, DENIES that Third-Party Defendant ICSD has any liability, and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in the paragraph.

41.     With respect to paragraph 41, ADMITS that FirstEnergy has commenced a third-party action in reliance upon the statutes referenced in the paragraph and seeks the relief described in the paragraph, but DENIES any liability of Third-Party Defendant ICSD and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the liability of the remaining Third-Party Defendants.

## FIRST AFFIRMATIVE DEFENSE

42.     Upon information and belief, the Third-Party Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43.     Upon information and belief, the Second Amended Complaint fails to state a claim upon which relief may be granted against Defendant and Third-Party Plaintiff FirstEnergy.

## THIRD AFFIRMATIVE DEFENSE

44.     Third-Party Defendant ICSD incorporates by reference and alleges each of the defenses to the Second Amended Complaint alleged by Defendant and Third-Party Plaintiff

1639682.1 11/30/2009

FirstEnergy in its Answer to the Second Amended Complaint, as permitted by Rule 14(C) of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

45.     Upon information and belief, if Third-Party Defendant ICSD is responsible for any contamination for which FirstEnergy is liable, it is responsible for only a divisible portion of such contamination, and any liability of Third-Party Defendant ICSD should be apportioned and limited to such divisible portion.

## FIFTH AFFIRMATIVE DEFENSE

46.     Upon information and belief, if Third-Party Defendant ICSD has any responsibility for any contamination for which Third-Party Plaintiff FirstEnergy is liable under § 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), the Court may allocate response costs between the parties using such equitable factors as the Court deems appropriate.

47.     Third-Party Defendant ICSD is a passive owner that did not contribute to the contamination or cause the incurrence of response costs at the Ithaca Court Street site, and therefore, the Court, applying equitable factors, should allocate no or only deminimis responsibility for response costs to ICSD.

## SIXTH AFFIRMATIVE DEFENSE

48.     Upon information and belief, the Third-Party Complaint is barred, in whole or in part, by applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

49.     To the extent the Plaintiff and/or Third-Party Plaintiff seeks relief for costs incurred in responding to the release or threat of release of "petroleum" as that term is defined in

1639682.1 11/30/2009

CERCLA, 42 U.S.C. § 9601(14) or for natural gas, natural gas liquids, liquefied natural gas, or synthetic gas useable for fuel as provided in 42 U.S.C. § 9601(14), the action may not be maintained under CERCLA.

### EIGHTH AFFIRMATIVE DEFENSE

50.     Upon information and belief, some or all of the releases and resulting injury and damages for which Third-Party Defendant ICSD is alleged to be liable were caused solely by acts or omissions of third parties, as described in CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), and Third Party Defendant qualifies for the "innocent purchaser" exception to the definition of contractual relationship found in CERCLA § 101(35), 42 U.S.C. § 9601(35). Accordingly, the Plaintiff's and/or Third-Party Plaintiff's claims for relief relating to such acts or omissions of third parties are barred.

### NINTH AFFIRMATIVE DEFENSE

51.     No acts or omissions of Third-Party Defendant ICSD were the actual, proximate or legal cause of any response costs, injuries or damages alleged in the Second Amended Complaint or Third-Party Complaint.

### TENTH AFFIRMATIVE DEFENSE

52.     Upon information and belief, any response costs incurred by NYSEG for which Third-Party Plaintiff FirstEnergy is alleged to be liable and for which it seeks contribution from Third-Party Defendant ICSD, were not incurred consistent with the national contingency plan, and may not be recovered under CERCLA.

WHEREFORE, Third-Party Defendant Ithaca City School District demands judgment:

1639682.1 11/30/2009

      a.      Dismissing the Third-Party Complaint in its entirety, or in the alternative,

      b.      Apportioning liability between Third-Party Plaintiff FirstEnergy Corp. and Third-Party Defendant ICSD based upon such divisible portion as is found by the Court; or in the alternative,

      c.      Apportioning liability for response costs based upon the parties' equitable shares of liability; and

      d.      For the costs and disbursements of the action; and

      e.      For such other and further relief as the Court deems appropriate.

Dated: November 30, 2009

BOND, SCHOENECK & KING, PLLC

By: _Thomas R. Smith_

Thomas R. Smith (102630)
Robert R. Tyson (506039)
Office and P. O. Address
One Lincoln Center
Syracuse, New York 13202
Tel. No. (315) 218-8000

*Attorneys for Third-Party Defendant*
*Ithaca City School District*

1639682.1 11/30/2009

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 30th day of November, 2009, a true and correct copy of the attached Answer of Third-Party Defendant Ithaca City School District was served upon the following counsel via CM/ECF:

COSTELLO, COONEY & FEARON, PLLC
Paul G. Ferrara, Esq.
205 South Salina Street
Syracuse, New York 13202

SAUL EWING LLP
John F. Stoviak, Esq. of Counsel
Christina M. Deeney, Esq. of Counsel
1500 Mark Street, 38th Floor
Centre Square West
Philadelphia, Pennsylvania 19102


<u>*s/Thomas R. Smith*</u>
Thomas R. Smith

1639682.1 11/30/2009