IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

NEW YORK STATE ELECTRIC & GAS
CORPORATION,

    Plaintiff

vs.

FIRSTENERGY CORPORATION,

    Defendant.

---

FIRSTENERGY CORPORATION,

    Third-Party Plaintiff,

vs.

I.D. BOOTH, INC.,

    Third-Party Defendant.

---

Civil Action No.
3:03-cv-0438 (DEP)

## AMENDED FINAL JUDGMENT

In accordance with the September 11, 2014 Opinion and Order of the United States Court of Appeals for the Second Circuit, which remanded this case for further proceedings consistent therewith, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, it is hereby ORDERED, ADJUDGED and DECREED as follows:

    1.    New York State Electric and Gas Corporation ("NYSEG") is entitled to recover from FirstEnergy Corporation ("FirstEnergy") $21,623,223, constituting the sum of FirstEnergy's equitable share of allowable past costs incurred through December 31, 2009 with respect to the sixteen sites at issues.

2.     FirstEnergy also shall pay $2,302,189 in prejudgment interest on response costs incurred through December 31, 2009 for which FirstEnergy is liable to NYSEG, calculated at the applicable Superfund Interest Rate for each federal fiscal year, and accrued on the later of April 8, 2003 (the date of NYSEG's Complaint) or the date of the expenditure.

3.     In total, FirstEnergy shall pay NYSEG $23,925,412, inclusive of prejudgment interest, in past costs incurred through December 31, 2009.

4.     FirstEnergy previously paid to NYSEG, on September 9, 2011, pursuant to the September 7. 2011 Amended Final Judgment, $5,789,813 in excess of its equitable share of allowable past costs based on the ruling of the Second Circuit Court of Appeals. NYSEG shall pay FirstEnergy within 30 days of entry of this Amended Final Judgment $5,789,813. Alternatively, NYSEG may bill FirstEnergy within 30 days of entry of this Amended Final Judgment for allowable MGP related costs incurred after 2009 and offset its bill by deducting the $5,789,813 overpayment from its bill.

5.     In addition, FirstEnergy is liable to pay NYSEG for MGP-related response costs incurred after December 31, 2009 for work performed pursuant to the Consent Decree entered into by NYSEG with the New York State Department of Environmental Conservation, to the extent those costs are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300), at the sixteen sites at issue, at the percentages outlined below:

| **Site** | **Percentage** |
|---|---|
| Corning | 1.5% |
| Cortland-Homer | 44.8% |
| Dansville | 0% |

16571862 10/20/2014

| Site | Percentage |
|---|---|
| Elmira | 0% |
| Geneva | 0% |
| Goshen | 23.5% |
| Granville | 30.4% |
| Ithaca (CS) | 30.4% |
| Ithaca (FS) | 100% |
| Mechanicville | 24.8% |
| Newark | 0% |
| Norwich | 0% |
| Oneonta | 39.4% |
| Owego | 0% |
| Penn Yan | 0% |
| Plattsburgh | 19.4% |

6. FirstEnergy also is liable to pay NYSEG prejudgment interest on MGP-related response costs incurred by NYSEG between January 1, 2010 and September 7, 2011 (the date of this Court's entry of an Amended Final Judgment), calculated at the applicable Superfund interest rate for each federal fiscal year, and accrued from the date of the expenditure.

7. ID Booth, Inc. ("ID Booth") shall pay $160,058 to FirstEnergy, constituting the sum of I.D. Booth's equitable share of past response costs incurred through December 31, 2009 with respect to the Cortland-Homer Site.

8. I.D. Booth shall also pay $19,033 in prejudgment interest on past costs incurred through December 31, 2009, calculated through September 2, 2011 at the applicable Superfund

1657186.2 10/20/2014

Interest rate for each fiscal year and accruing on the later date of the filing of October 7, 2009, the date of filing of the third party complaint in this action against I.D. Booth, Inc., or the date of expenditure.

9. FirstEnergy is entitled to a declaratory judgment that I.D. Booth is liable to pay FirstEnergy the amount of 6.72% of all response costs incurred by NYSEG at the Cortland-Homer Site after December 31, 2009, with prejudgment interest for those expenses incurred after that date but prior to the entry of judgment.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: October 22, 2014
Syracuse, NY

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.